```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**KEVIN MATHIS,**

                **Petitioner,**

        v.                      CASE NO.  09-3065-RDR

**FEDERAL BUREAU**
**OF PRISONS, et al.,**

                **Respondents.**

## O R D E R

This petition for writ of habeas corpus, 28 U.S.C. § 2241, was filed by petitioner while he was an inmate of the United States Penitentiary, Leavenworth, Kansas.  Mr. Mathis claims that under 18 U.S.C. § 3624(c) he should have received six months placement in a Residential Reentry Center (RRC), and complains of the handling of his application for RRC placement.  He admits he has not fully exhausted administrative remedies, but argues they are futile and asks the court to waive this well-established prerequisite to federal habeas review[1].  He specifically seeks his immediate placement in an RRC, and "any other proper relief".

As the factual background for this Petition, Mr. Mathis alleged as follows.  He was sentenced in the Eastern District of Texas to 91 months for drug offenses.  His case manager "failed to timely and properly submit (his) CCC placement package," and "the

---

[1] Even though exhaustion of prison administrative remedies is not required by statute, it has long been required as a matter of judicial precedent, unless shown to be futile.

BOP has deprived him of his six months CCC placement in violation of 18 U.S.C. § 3624(c)" as well as his constitutional rights to equal protection and due process. He also alleges he was retaliated against for seeking administrative relief regarding RRC placement. He alleges an incident report was filed against him based upon his alleged misquotes and lies concerning his case manager and the handling of his RRC application.

The court issued a show cause order to respondents and they filed an Answer and Return. Petitioner thereafter filed a "Notice of Change of Address" indicating his new address at a halfway house in the State of Texas (Doc. 5). He then filed a "Reply to the Government's Response" from his new address.

The court finds petitioner has been afforded the habeas corpus relief which he sought in his petition. Even though he is no longer in prison, the "in custody" requirement of § 2241(c)(3) is satisfied because he filed this petition while he was incarcerated. See Spencer v. Kemna, 523 U.S. 1-7 (1998). However, his release from prison moots his petition because the court is no longer presented with a case or controversy as required under Article III of the Constitution. Spencer, 523 U.S. at 7. Mootness is a jurisdictional issue which may be raised by the Court sua sponte. See North Carolina v. Rice, 404 U.S. 244, 246 (1971). The Tenth Circuit Court of Appeals has held:

> [m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction. This requirement exists at all stages of the federal judicial

proceedings.

McClendon v. City of Albuquerque, 100 F.3d 863, 867 (10th Cir. 1996). A federal court has no authority to issue advisory opinions upon moot questions.

When a prisoner has been released from prison while his habeas petition is pending, the court's jurisdiction depends upon the existence of continuing "collateral consequences" adequate to meet Article III's injury-in-fact requirement. Spencer, 523 U.S. at 7, 14. In other words, the petitioner must demonstrate "some concrete and continuing injury." Id. at 7; see e.g., Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968). Mr. Mathis did not attack his criminal convictions, but merely sought immediate RRC placement. Because Mr. Mathis sought, and has been granted, placement in an RCC, no actual injury remains to be addressed. In his Response filed after he was released, Mathis does not identify any collateral consequences associated with his prior incarceration. He will be given time to show cause why this action should not be dismissed as moot due to his release from prison and placement in an RRC. If he does not properly respond to this order within the time provided, this action may be dismissed without further notice.

Petitioner states in his Response that he is going to file a civil rights complaint, 28 U.S.C. § 1331, based upon the actions and inactions of prison officials taken with regard to his RRC placement. Claims for declaratory or some other form of relief, rather than release from confinement, based upon allegations that

prison officials have acted in a negligent, retaliatory, or some other unconstitutional manner in processing or rendering administrative decisions are not properly sought in a habeas corpus petition. Release from confinement is the appropriate remedy in a habeas corpus petition[2].

In sum, it appears Mr. Mathis has been transferred to an RRC, where he remains. This indicates he was afforded the relief available in this habeas corpus action. Petitioner is given time to show cause why this action should not be dismissed as moot. In order to do that, he must allege facts showing continuing collateral consequences.

**IT IS THEREFORE ORDERED** that petitioner is required to show cause within twenty (20) days why this habeas corpus action should not be dismissed as moot.

**IT IS FURTHER ORDERED** that respondent's Motion for Extension of Time (Doc. 3) is denied as moot, since they have filed their Answer and Return.

**IT IS SO ORDERED.**

DATED: This 9th day of October, 2009, at Topeka, Kansas.

s/RICHARD D. ROGERS
United States District Judge

---

[2] The court notes that while petitioner initially asked for release from federal prison, he now asks the court to require the BOP to "back date his CCC placement under the Second Chance Act". However, he alleges no facts indicating what remedial effect this would provide or that he has a federal constitutional right to such relief. This new request does not render this action justiciable.